BEFORE THE FIRST DIVISION, NOVEMBER 1, 1950

**No. 54806.**—Joseph H. Meyer Bros. *v.* United States, protests 139196–K and 142207–K (New York).

OLIVER, Chief Judge: The merchandise at bar consists of round, clear, uncolored glass beads of varying sizes. They were assessed for duty at 45 per centum ad valorem under paragraph 1503 as "beads in imitation of * * * semiprecious stones." The plaintiff by its protests claims that these beads are properly dutiable at 35 per centum ad valorem under the same paragraph (1503) as "beads * * * not specially provided for." The sole issue before us is whether or not these beads imitate any semiprecious stones.

The invoices herein cover two types of glass beads. Both were made from the same type of glass rods, by the same process, and by the same manufacturer. All the beads have been drilled for stringing. One of these beads was made from glass rods to which had been added a pigment which gave to the glass rods from which the beads were made and to the resultant beads a milky appearance. These milky beads were assessed for duty at 35 per centum ad valorem as "beads * * * not specially provided for." No claim has been raised as to the classification of these beads. The other clear glass beads in this shipment were classified as "beads in imitation of * * * semiprecious stones" and were assessed with duty at 45 per centum ad valorem under the provisions of paragraph 1503. These clear, uncolored, round, drilled glass beads are the items which are before us on plaintiff's claim that they are not in imitation of semiprecious stones and, being glass beads, are properly duitable at 35 per centum as beads, not specially provided for.

The provision for "beads in imitation of precious or semiprecious stones" first appeared in the Tariff Act of 1922 (paragraph 1403) and subsequently became incorporated in paragraph 1503 of the Tariff Act of 1930. Color by itself is not sufficient to make a bead an imitation of a precious or a semiprecious stone. (*United States* v. *Judae & Co.*, 13 Ct. Cust. Appls. 164, T. D. 41024.) Mere resemblance does not make an article an imitation of another. (*Eitinger Bead Co.* v. *United States*, 13 Cust. Ct. 50, C. D. 867.) Further, the intent on the part of the manufacturer to imitate a genuine stone is not a prerequisite in determining whether or not an imported bead is an imitation. (*Leonard Levin Co.* v. *United States*, 27 C. C. P. A. (Customs) 101, C. A. D. 69.) Although this issue has been before our court on many occasions, no hard and fast rule has been laid down, and the facts in each instance must control.

In the present case, one witness testified for the plaintiff, and a single witness testified on behalf of the Government. We also have before us samples of the imported beads.

Mr. Meyer, for the plaintiff, on redirect examination, testified as follows (R. 24):

R Q. These beads which we have before the Court this morning, would you say that they imitate a genuine crystal?—A. I would say it was a fair imitation.

The Government's witness, with many years' experience in the precious and semiprecious stone business, under cross-examination, stated with respect to the beads in plaintiff's exhibit 2 (R. 39):

X Q. And, therefore, you think that they would be in imitation of anything, an imitation of quartz, perhaps crystal, perhaps something else?—A. Not perhaps. I am quite definite about what I think they are an imitation of. You refer to them again as quartz and I say correctly so they are imitation of quartz but a colorless variety of quartz which is called crystal. It has met acceptances as the term of crystal when it is an actual stone.

305

And again (R. 36):

X Q. In the Exhibit 2 before the Court would you please look at that again. You who have dealt so frequently with crystals, would you consider, with your experience and all, would you consider that that could be mistaken for a moment for a crystal?—A. Yes, for more than a moment. It would take me more than a moment to identify it.

And further (R. 37):

X Q. Would you, if you saw somebody with that, a woman walking down the street with those beads around her would you think for a moment they were crystal?—A. Yes.

X Q. For the quality?—A. If you are talking quality that is something else but if you are taking the nature of a stone I could mistake that.

The samples before us are colorless glass beads having a high luster. They are not faceted and have no distinctive characteristics or markings in imitation of any semiprecious stone but are held because of their general appearance and luster to imitate crystal, which, as rock crystal, is commonly known as a semiprecious stone. Defendant's witness Bieber stated (R. 35): "I would put crystal in the category of the semiprecious stones."

It is a difficult matter to determine at what point a clear glass bead loses its tariff identity as a simple bead and becomes an imitation of a crystal bead. In the first instance, we have the classification of the collector, which is presumed to be correct. That presumption assumes that the collector has found all the elements necessary to support his classification and to establish the beads in question as beads in imitation of semiprecious stones, namely, crystal. (*Leonard Levin Co.* v. *United States, supra.*) Upon this entire record, we are of opinion that the plaintiff has failed to sustain the burden it assumed of establishing by a fair preponderance of the evidence that the beads before us are not in imitation of semiprecious stones. The protests should be overruled and the classification of the collector sustained. The beads in question are held to be properly dutiable at 45 per centum ad valorem under paragraph 1503 of the Tariff Act of 1930 as "beads in imitation of * * * semiprecious stones." Judgment will be rendered accordingly.